CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
AUG 04 2006
JOHN H. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| NANCY D. EANES, | ) | CASE NO. 4:06CV00003 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 30, 2003 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who had worked as a bank teller, had not engaged in substantial gainful activity since her alleged onset of disability date, September 11, 2002, and was insured for disability benefits through June 30, 2005. (R. 16-17, 24.) The Law Judge determined that plaintiff has fibromyalgia, mild degenerative changes in the

lumbar spine, and status post bilateral knee surgeries, which are severe, but not severe enough to meet or equal a listed impairment[1]. (R. 18, 21.) The Law Judge was of the view that plaintiff's allegations concerning the intensity, duration, and limiting effects of her symptoms were "not entirely credible," and that she had the ability to lift and carry up to twenty pounds occasionally, ten pounds frequently, and sit, stand and walk at least six hours during an eight-hour workday. (R. 22.) By reference to testimony provided by plaintiff and the vocational expert (VE), the Law Judge determined that plaintiff could return to her past relevant work and that she was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6-8.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-1545 and 416.927-945; *Hays v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the

---

[1] The Law Judge also found that plaintiff has depression, social phobia, somatoform disorder, and personality disorder, but that these were not severe impairments. (R. 21.)

2

Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

First, plaintiff argues that the Law Judge failed to properly evaluate her mental impairments of depression and anxiety. Specifically, plaintiff contends that the Law Judge erred in finding that her depression and anxiety are not severe and impose only minimal functional limitations on her ability to perform work-related activities. Defendant argues, and the undersigned agrees, that there was substantial evidence to support the Law Judge's decision. No treating physician of record offered that plaintiff suffered any functional limitation as a result of her anxiety or depression. On the other hand, the State Agency reviewer opined that plaintiff's mental impairments did not meet the requirements of any listed impairment[2], and it was proper for the Law Judge to rely on this evidence. (R. 374.) Other than plaintiff's amorphous testimony, which the Law Judge found not to be fully credible, there is no evidence that plaintiff's depression or anxiety-related limitations are severe enough to impact her ability to do basic work activities. (R. 36-39.) Even plaintiff testified that her problems were "mostly physical," and that she could not work because of the pain of getting up in the morning and incontinence, rather than her depression or anxiety. (R. 50, 59, 65, 152.) As a whole, therefore, substantial evidence supports the Law Judge's finding that plaintiff's mental impairments are not severe.

Next, plaintiff argues that the Law Judge improperly evaluated her complaints of pain and erred in finding her not fully credible. Defendant counters that plaintiff's complaints are inconsistent with the remainder of the record, and ultimately, the Law Judge has the

---

[2]Even if all of plaintiff's allegations were taken as true, her impairment still did not meet the "A" or "C" criteria of Listing 12.04, or the "A" criteria of Listing 12.06.

3

responsibility to resolve those inconsistencies. The record reveals that none of plaintiff's treating physicians imposed limitations on her daily functioning[3]. Moreover, although plaintiff testified that she was prescribed a cane for walking, she provided no evidence that a cane was prescribed. (R. 57.) In July 2005, Dr. Leizer noted that plaintiff had "no problems with gait" and "no indication of pain compensatory behavior." (R. 425.) On her Daily Activities Questionnaire, plaintiff stated that she goes out once or twice a week to get groceries, gas, prescriptions and make doctors' visits, and that she cooks, cleans, vacuums, does laundry and helps with lawn care. (R. 147-148.) She also stated that she "fully and completely" raised her son. (R. 150.) Moreover, despite plaintiff's testimony that she no longer helped around her father's farm, the record reflects that she did so as late as August 2004. (R. 63, 185, 391.) Finally, plaintiff has neither sought nor received additional injections which "helped her [lower back] pain immensely" since June 2005, and she did not follow the physical therapy regimen recommended by her treating physician. (R. 185, 294, 394.) As a whole, there is substantial evidence to support the Law Judge's decision that plaintiff's allegations of disabling pain were not fully credible.

Finally, plaintiff argues that the Law Judge failed to include all of her impairments in the hypothetical question submitted to the VE. Defendant argues that the Law Judge completed his evaluation at the fourth step of the sequential evaluation, and therefore did not rely on the VE's response to the hypothetical question. The Law Judge relied on plaintiff's own description of her

---

[3]Plaintiff's treating physician, John P. McGee, did restrict plaintiff to "light activity" following her left knee surgery, but for only a week. (R. 299.)

4

past relevant work[4], and sought vocational evidence only to ascertain the exertional nature of that work, as permitted by the regulations. (R. 24.) The inquiry never reached the final sequential level, and the VE was never asked to opine on the availability of alternate gainful work which would have required accounting for all the effects of plaintiff's maladies.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Date: Aug 4, 2006

---

[4] In her Work History Report, plaintiff reported that her bank teller job required one hour of walking, two to three hours of standing, and five to six hours of sitting in an eight hour day, and involved frequently lifting less than ten pounds, with ten pounds being the heaviest weight lifted. (R. 143.)

5