IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NANCY D. EANES, | ) |
|        Plaintiff, | ) Case No. 4:06-CV-00003 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
|        Defendant. | )     Senior United States District Judge |

Before me is the *Report and Recommendation* of the United States Magistrate Judge. The Magistrate Judge recommends affirming the Commissioner's final decision, which denied the Plaintiff's claim for benefits. The Plaintiff filed *Objections to the Report and Recommendation of U.S. Magistrate Judge B. Waugh Crigler* ("*Objections*"). I have reviewed the Magistrate Judge's *Report and Recommendation*, the Plaintiff's *Objections*, and relevant portions of the record. The matter is now ripe for decision.

For the reasons stated below, I will **adopt** the Magistrate Judge's *Report and Recommendation* and will **overrule** the Plaintiff's *Objections.* The Commissioner's final decision denying the Plaintiff's claim for benefits will therefore be **affirmed,** and judgment will be **granted** for the Commissioner. This case will be **dismissed** from the docket of this Court.

**I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff, Nancy D. Eanes ("Eanes"), was born in 1969, completed the twelfth grade, and finished two years of college. Previously, she has worked as a machine fixer, bank teller, data entry clerk, and hairdresser. She claimed that she became disabled on September 11, 2002. On September 30, 2003, Eanes protectively filed an application for a period of disability and

1

disability insurance benefits and another application for supplemental security income. The Administrative Law Judge ("ALJ") determined that Eanes was not disabled and therefore not entitled to a period of disability, disability insurance benefits, or supplemental security income payments.

The Appeals Council found no basis in the record to review or change the ALJ's decision; accordingly, it declined to review the case and adopted the ALJ's decision as the final decision of the Commissioner. Eanes appealed the decision to the District Court, and I referred the case to the Magistrate Judge. The Magistrate Judge recommended that I affirm the Commissioner's final decision and dismiss the case from the docket. Eanes objected to the Magistrate Judge's recommendation because, she maintains, the ALJ erroneously concluded that Eanes's anxiety and depression were not severe impairments and that they produced only minimal functional limitations on her ability to work; failed to consider Eanes's non-exertional limitations from pain and found her complaints of pain not credible; failed to include all of Eanes's ailments in a hypothetical question to the Vocational Expert ("VE"); and concluded that Eanes could return to her prior work as a bank teller.

## II.   STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision when: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g) (2003); *see also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*,

402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The regulations charge the Commissioner of Social Security with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

## III. DISCUSSION

By way of background, in evaluating Eanes's claims of disability, the ALJ properly used the five step analysis found in 20 C.F.R. §§ 404.1520(a), 416.920(a) (2006). Under that test, the ALJ first discerned whether Eanes was engaged in substantial gainful activity. If so, she would not have qualified as disabled under the regulations. 20 C.F.R. §§ 404.1520(b), 416.920(b). Upon finding that she was not engaged in such activity, the ALJ then determined whether she suffered from a severe impairment. If not, then she could not have established a disability. 20 C.F.R. §§ 404.1520©, 416.920©. After finding that Eanes suffered from a severe impairment, the ALJ examined whether her impairment met or equaled a listed impairment in Appendix 1 of 20 C.F.R. 404, Subpart P. 20 C.F.R. §§ 404.1520(d), 416.920(d). In this case, none of Eanes's impairments met or equaled a listed impairment. Therefore, the ALJ went on to determine

3

Eanes's residual functioning capacity and if based on that capacity, she could return to her prior work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). The ALJ found that Eanes retained the necessary capacity to return to her prior work and was therefore not disabled. As a result, the ALJ did not need to consider the fifth step in the analysis, whether Eanes could have performed other work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

First, Eanes contends that I should reject the Magistrate Judge's Report and Recommendation adopting the ALJ's decision because the ALJ incorrectly determined that Eanes's depression and anxiety were not severe impairments and imposed no more than minimal functional limitations on her ability to work. A severe impairment "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520©, 416.920©. Eanes maintains that several of her doctors concluded that she suffered from various psychological disorders, particularly depression and panic attacks. However, no statement in the record from a treating physician indicates that Eanes's psychological disorders prevented her from working. Moreover, the medical consultants from the Disability Determination Service concluded that her psychological impairments were not severe and did not meet the criteria of a listed impairment. Finally, Eanes herself testified that her problems were "mostly physical." Therefore, substantial evidence supports the ALJ's determination that Eanes's psychological impairments were not severe and did not significantly restrict her ability to work.

Next, Eanes argues that the ALJ improperly found her complaints of pain not credible and failed to consider the non-exertional limitation that the pain placed on her. In the Fourth Circuit, "pain itself can be disabling, and it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989).

4

"Further, while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity." *Id*. In evaluating complaints of pain, an ALJ should "take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain," and "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Craig v. Chatter*, 76 F.3d 585, 595 (4th Cir. 1996) (*citing* 20 C.F.R. §§ 416.929(c)(1)-(3), 404.1529(c)(1)-(3) (2006)).

In this case, the ALJ found that Eanes produced sufficient objective medical evidence of impairments that "could reasonably be expected to produce some of the alleged symptoms." However, the ALJ concluded that Eanes's statements about the "intensity, duration and limiting effects of these symptoms are not entirely credible." Substantial evidence supports the ALJ's decision. None of Eanes's treating physicians placed restrictions on her daily functioning. Although she claimed that a doctor had prescribed her a cane for walking, Eanes produced no evidence to show that the cane was prescribed. One observing doctor stated that she had "no problems with gait" and "no indication of pain compensatory behavior." Eanes also claimed in her Daily Activities Questionnaire that she leaves the house twice a week for doctor's visits and to shop for groceries, gas, and prescriptions. She also asserted that she cooks, cleans, vacuums, does laundry, helps with lawn care, and has "fully and completely" raised her son. Last, Eanes has not sought additional injections that had previously "helped her lower back immensely" since June of 2005. Therefore, substantial evidence supports the ALJ's determination that Eanes

5

exaggerated while describing her symptoms of pain. Consequently, the ALJ properly found that description "not entirely credible," and appropriately leant it a reduced weight in reaching his conclusions.

Next, Eanes contends that the ALJ erroneously failed to include all of her impairments in a hypothetical question he asked the VE. However, the ALJ concluded that Eanes could return to her prior work at step four of the analysis described above. The VE's testimony is only relevant at step five. *Smith v. Bowen*, 837 F.2d 635, 637 (4th Cir. 1987). Therefore, the ALJ did not rely on the VE's testimony in reaching his decision. As a result, any errors in the ALJ's hypothetical question to the VE could not have affected the result.

Finally, Eanes argues that, in light of all of her ailments and impairments, the ALJ erred in concluding that she could return to her prior work as a bank teller. However, to make that determination the ALJ considered the entire record and, in particular, the recommendations of the medical consultants from the Disability Determination Service. Those consultants concluded that Eanes could perform "a limited range of medium work." Moreover, none of Eanes's treating physicians "imposed any limitations stemming from the claimant's impairments or treatment of her pain." Therefore, substantial evidence supports the ALJ's determination that Eanes could resume her work as a bank teller.

## IV. CONCLUSION

For the reasons stated herein, I will **adopt** the Magistrate Judge's *Report and Recommendation* and will **overrule** the Plaintiff's *Objections.* The Commissioner's final decision denying the Plaintiff's claim for benefits will therefore be **affirmed,** and judgment will be **granted** for the Commissioner. This case will be **dismissed** from the docket of this Court.

6

The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 9th day of November, 2006.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE